**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

VS.                  CASE NO.    **4:07-CR-00007 BRW
4:08-CR-00063 BSM
4:19-CR-00188 KGB**

**TYJUAN TOWNSEND**                                              **DEFENDANT**

## ORDER

Before the Court is defendant Tyjuan Townsend's Motion for Bond Hearing Due to Health Concerns (Doc. No. 26). Townsend is currently in federal custody pending adjudication of petitions to revoke his supervised release in three separate cases. Townsend requested release while the petitions were pending, and the United States objected. This Court presided over a contested bond hearing on November 7, 2019, and found that there were no conditions or combination of conditions that would reasonably assure the safety of the community. Townsend was therefore detained pending resolution of his revocation petitions. See Doc. No. 21.

Townsend now seeks either permanent or temporary release from detention to obtain medical treatment for a rash that has developed on his body and

respiratory issues that began in late June 2020. He claims that he attempted to seek medical treatment from the staff at Pulaski County Detention Facility (PCDF), where he is housed, with no results. He also claims to be housed in a unit with individuals who have not been tested for COVID-19, increasing his health risks.

In its response in opposition to Townsend's motion, the United States represents that on July 17, 2020, Townsend was transported to the emergency room at UAMS, where he received care and prescription medication to address his medical concerns. It also states that the U.S. Marshal Service has been made aware of Townsend's housing complaint, and is reviewing the circumstances of Townsend's confinement with PCDF staff.

After entry of an order of detention, a judicial officer may permit the temporary release of an individual in United States custody if it determines that release is "necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. 3142(i). The Court presumes that Townsend relies on this statute in support of his motion on grounds that his medical condition constitutes a compelling reason for his release. The Court finds that Townsend fails to set forth compelling reasons for his release. Since he filed his motion, Townsend has received medical treatment at UAMS for his medical problems. And the U.S. Marshal has been made aware of and is working with PCDF to address Townsend's housing complaint. Townsend's motion is therefore

denied.

IT IS SO ORDERED THIS 21st day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE